FILED OH S BANKRUPTCY
JUL 9 2025 PM1:31

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re Capture Collective, Inc., et al.[1], ) | Chapter 11 |
| ) | |
| Debtors ) | Case No. 2:25-bk-52291 |
| ) | Subchapter V |
| ) | |
| ) | Hon. John E. Hoffman Jr |
| ) | |
| ) | (Jointly Administered) |

## MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 2004 AUTHORIZING AND DIRECTING PRODUCTION OF DOCUMENTS BY DEBTORS

The Green Coral Trust, by its Trustee David Tuan Nguyen, a creditor and equity interest holder, respectfully moves this Court, pursuant to Rule 2004 of the Federal Rule of Bankruptcy Procedure ("FRBP"), for an order authorizing and directing Debtors Capture Collective, Inc., Capture Diagnostics, LLC and Capture Diagnostics HIB01, LLC to produce the documents or electronically stored information listed below in relation to acts, conduct, property, liabilities, financial condition of the Debtors, any matter that may affect the administration of the Debtors' estates, the operation of the Debtors' businesses and desirability of continuance, the source of any money or property acquired or to be acquired by the Debtors for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the cases or to the formulation of a plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal EIN are as follows: Capture Collective, Inc. (7777); Capture Diagnostics, LLC (9259); and Capture Diagnostics HIB01, LLC (1325). The Debtors' mailing address is 4923 Dierker Road, Columbus, Ohio 43220.

1

## STANDARD FOR GRANTING RULE 2004 MOTION

1. FRBP Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FRBP Rule 2004(a). The examination may relate to the liabilities and financial condition of the debtor "or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FBRP Rule 2004(b).

2. The general purpose of Rule 2004 is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citation omitted); see also *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (Rule 2004's purpose is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). Rule 2004 "necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates." *In re Symington*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997).

3. Unlike discovery under the Federal Rules of Civil Procedure, discovery under FRBP Rule 2004 can be used to investigate pre-litigation claims. See, e.g., *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002). As such, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (FRBP Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

4. Moreover, the scope of a FRBP Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure or related FRBP governing adversary proceedings. *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); see also *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a FRBP Rule 2004 examination is very broad. FRBP Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). In fact, courts have recognized that FRBP Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition." *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); see also *In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (Rule 2004's purpose is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed"); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (E.D. Pa. 1990).

5. By this Motion, Creditor Green Coral Trust respectfully requests entry of an order pursuant to FRBP Rule 2004 in the form attached hereto as Exhibit 1, authorizing and directing the production of the following documents or electronically stored information by Debtors to be delivered electronically to david@xcadvisors.com.

    A. All agreements between any of Debtors and T5 Performance, LLC, Barnes Consulting and/or Scott Barnes from 2019 to the present.

    B. All documents or electronically stored information, including but not limited to, invoices, statements, receipts and cancelled checks,

3

      which concern or relate to services provided to Debtors by T5 Performance, LLC, Barnes Consulting and/or Scott Barnes from 2021 to the present.

C.    All agreements between any of Debtors and Longhi Capital Advisory, LLC and/or Dan Longhi from 2019 to the present.

D.    All documents or electronically stored information, including but not limited to, invoices, statements, receipts and cancelled checks which concern or relate to services provided to Debtors by Longhi Capital Advisory, LLC and/or Dan Longhi from 2021 to the present.

E.    All agreements between any of the Debtors and Matthew John Soldavini PLLC; James Soldavani; John T. D'Orazio; JTD, LLC; JTM FL, LLC; Proton Expeditions, LLC; Datahouse Consulting, Inc.; National Kidney Foundation of Hawaii; David Moritz; Sun Fund, LLC; Sun Fund, LP; Ikove Venture Partners; and/or Capture Medical, LLC from 2019 to the present.

F.    All documents or electronically stored information, including but not limited to, invoices, statements, receipts and cancelled checks which concern or relate to services provided to Debtor by Matthew John Soldavini PLLC; James Soldavani; John T. D'Orazio; JTD, LLC; JTM FL, LLC; Proton Expeditions, LLC; Datahouse Consulting, Inc.; National Kidney Foundation of Hawaii; David Moritz; Sun Fund, LLC; Sun Fund, LP; Ikove Venture Partners; and/or Capture Medical, LLC from 2021 to the present.

G.  All documents or electronically stored information which concern or relate to the basis and value of any claims Debtors have against Geopolicy Development Group, LLC and National Kidney Foundation of Hawaii.

H.  All documents or electronically stored information which concern or relate to the collectability of Geopolicy Development Group, LLC and National Kidney Foundation of Hawaii.

I.  All W2s and 1099s issued by the Debtors from 2021 to the present.

J.  Debtors' formation documents and any amendments thereto, bylaws, shareholder agreements and/or operating agreements.

K.  Debtors' corporate company minute books including but not limited to minutes of board of directors or managers meetings and written consent in lieu of meetings.

L.  All financial statements prepared on behalf of Debtors from 2021 to the present.

M.  All tax returns filed by the Debtors for 2021, 2022 and 2023.

N.  All documents or electronically stored information which concern or relate to Debtors' executive compensation and employee benefits plans.

O.  All documents or electronically stored information which concern or relate to Debtor Capture Diagnostics, LLC 2022 acquisition of software and goodwill, and 2022 disposition of software.

P. All documents or electronically stored information which concern or relate to any insurance policies, other than workers compensation insurance, Debtors have obtained from 2019 to present.

Q. All documents or electronically stored information which concern or relate to nondeductible expenses incurred by Debtors from 2021 to present.

R. All documents or electronically stored information which concern or relate to loans made, debt incurred, or money owed among or between the Debtors from 2020 to present.

S. All documents or electronically stored information which concern or relate to the assignment of any liabilities or obligations among or between the Debtors from 2020 to present.

T. All documents or electronically stored information which concern or relate to management fees among or between Debtors.

U. All documents or electronically stored information which concern or relate to De

Dated: 7/7/2025

*Sua T. Nguyen* (signature)

Green Coral Trust, David Tuan Nguyen
as Trustee

6

## NOTICE OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 2004 AUTHORIZING AND DIRECTING PRODUCTION OF DOCUMENTS BY DEBTORS

### (the "Motion")

Your rights may be affected by this Motion. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the Court to approve the Motion or if you want the Court to consider your views on the Motion, then on or within 21 days of the date set forth in the certificate of service for the Motion, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, or your attorney must file a response using the court's ECF system. The court must receive your response on or before the deadline described above. You must also mail a copy to or serve a copy by the Court's ECF system on:

Carolyn J. Johnsen
Dickinson Wright, PLLC
1850 N. Central Ave., Suite 1400
Phoenix, AZ 85004
cjjohnsen@dickinsonwright.com

Pamela Arndt
U.S. Department of Justice
Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Pamela.D.Arndt@usdoj.gov

Donald W. Mallory
Wood & Lamping
600 Vine Street, Suite 2500
Cincinnati, OH 45202
dwmallory@woodlamping.com

Ellen M. Kramer
COHEN ROSENTHAL & KRAMER, LLP
3208 Clinton Avenue
Cleveland, OH 44113
emk@crklaw.com

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an Order granting that relief without further notice or hearing.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Motion was served upon the following parties:

(a) by email on July 7, 2025, addressed to;

    Carolyn J. Johnsen
    Dickinson Wright, PLLC
    1850 N. Central Ave., Suite 1400
    Phoenix, AZ 85004
    cjjohnsen@dickinsonwright.com

    Pamela Arndt
    U.S. Department of Justice
    Office of the U.S. Trustee
    170 North High Street, Suite 200
    Columbus, OH 43215
    Pamela.D.Arndt@usdoj.gov

    Donald W. Mallory
    Wood & Lamping
    600 Vine Street, Suite 2500
    Cincinnati, OH 45202
    dwmallory@woodlamping.com

    Ellen M. Kramer
    COHEN ROSENTHAL & KRAMER, LLP
    3208 Clinton Avenue
    Cleveland, OH 44113
    emk@crklaw.com

(b) by first class mail on July 7, 2025, addressed to:

    Capture Collective, Inc.
    Capture Diagnostics, LLC
    Capture Diagnostics HIB01, LLC
    4923 Dierker Rd
    Colombus, OH 43220

    Green Coral Trust,
    David Tuan Nguyen as Trustee

Exhibit 1: Proposed Order

Follows

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re Capture Collective, Inc., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Case No. 2:25-bk-52291 |
| | ) | Subchapter V |
| | ) | |
| | ) | Hon. John E. Hoffman Jr. |
| | ) | |
| | ) | (Jointly Administered) |

This matter comes before the Court on the Motion for Entry of an Order Pursuant to FRBP Rule 2004 Authorizing and Directing the Production of Documents by Debtors filed by Creditor Green Coral Trust seeking the production of documents or electronically stored information.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Debtors Capture Collective, Inc., Capture Diagnostics, LLC and Capture Diagnostics HIB01, LLC shall produce the documents or electronically stored information listed below and delivered electronically to David Tuan Nguyen, david@xcadvisors.com no later than at 5:00 p.m. August 1, 2025.

    A. All agreements between any of Debtors and T5 Performance, LLC, Barnes Consulting and/or Scott Barnes from 2019 to the present.

    B. All documents, including but not limited to, invoices, statements, receipts and cancelled checks, which concern or relate to services provided to Debtors by T5 Performance, LLC, Barnes Consulting and/or Scott Barnes from 2021 to the present.

C. All agreements between any of Debtors and Longhi Capital Advisory, LLC and/or Dan Longhi from 2019 to the present.

D. All documents, including but not limited to, invoices, statements, receipts and cancelled checks which concern or relate to services provided to Debtors by Longhi Capital Advisory, LLC and/or Dan Longhi from 2021 to the present.

E. All agreements between any of the Debtors and Matthew John Soldavini PLLC; James Soldavani; John T. D'Orazio; JTD, LLC; JTM FL, LLC; Proton Expeditions, LLC; Datahouse Consulting, Inc.; National Kidney Foundation of Hawaii; David Moritz; Sun Fund, LLC; Sun Fund, LP; Ikove Venture Partners; and/or Capture Medical, LLC from 2019 to the present.

F. All documents, including but not limited to, invoices, statements, receipts and cancelled checks which concern or relate to services provided to Debtor by Matthew John Soldavini PLLC; James Soldavani; John T. D'Orazio; JTD, LLC; JTM FL, LLC; Proton Expeditions, LLC; Datahouse Consulting, Inc.; National Kidney Foundation of Hawaii; David Moritz; Sun Fund, LLC; Sun Fund, LP; Ikove Venture Partners; and/or Capture Medical, LLC from 2021 to the present.

G. All documents which concern or relate to the basis and value of any claims Debtors have against Geopolicy Development Group, LLC and National Kidney Foundation of Hawaii.

H. All documents which concern or relate to the collectability of Geopolicy Development Group, LLC and National Kidney Foundation of Hawaii.

I. All W2s and 1099s issued by the Debtors from 2021 to the present.

J. Debtors' formation documents and any amendments thereto, bylaws, shareholder agreements and/or operating agreements.

K. Debtors' corporate company minute books including but not limited to minutes of board of directors or managers meetings and written consent in lieu of meetings.

L. All financial statements prepared on behalf of Debtors from 2021 to the present.

M. All tax returns filed by the Debtors for 2021, 2022 and 2023.

N. All documents which concern or relate to Debtors' executive compensation and employee benefits plans.

O. All documents which concern or relate to Debtor Capture Diagnostics, LLC 2022 acquisition of software and goodwill, and 2022 disposition of software.

P. All documents or electronically stored information which concern or relate to any insurance policies, other than workers compensation insurance, Debtors have obtained from 2019 to present.

Q. All documents or electronically stored information which concern or relate to nondeductible expenses incurred by Debtors from 2021 to present.

  R. All documents or electronically stored information which concern or relate to loans made, debt incurred, or money owed among or between the Debtors from 2020 to present.

  S. All documents or electronically stored information which concern or relate to the assignment of any liabilities or obligations among or between the Debtors from 2020 to present.

  T. All documents or electronically stored information which concern or relate to management fees among or between Debtors.

 3. The foregoing is without prejudice to the assertion of any applicable privilege, provided that, if Debtors withholds production of a document on the basis of an asserted privilege it shall provide a privilege log setting forth a description (including date, author, and intended recipient) of the withheld document and the basis for the privilege asserted, including citation to any applicable rule.

 4. Nothing contained herein shall prejudice the Creditor's rights under FRBP Rule 2004 and other applicable laws to seek further document productions and written or oral examinations in connection with the case

 5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED



FROM: DAVID NGUYEN
PHONE (328) 206-2985
500 WESTOVER DR #23215
SANFORD, NC 27330

TO: CLERK, US BANKRUPTCY COURT
170 NORTH HIGH ST
COLUMBUS OH 43215

ZIP+4: 43215

Origin: 90034
Scheduled Delivery: 7/8/25   6pm
Postage: 31.40
Date Accepted: 7/7/25
Time Accepted: 8:55
Total: 31.40

X-RAY ✓
RECEIVED JUL 9 2025
RICHARD JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT